IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC DRAKE,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *ET AL.*,<br><br>Defendants. | Civil Action No. 1:24-cv-00845-CFC |

Eric Drake, Duluth, Georgia, Pro Se.

"J" Jackson Shrum, Wilmington, Delaware

*Counsel for Defendants Miles Henry Sheerin and Sara Sheerin*

**MEMORANDUM OPINION**

January 29, 2024
Wilmington, Delaware

                                                                        */s/ Colm F. Connolly*
                                                                        COLM F. CONNOLLY
                                                                           CHIEF JUDGE

Plaintiff Eric Drake has sued Defendants State Farm Mutual Automobile Insurance Company (State Farm), the CEO of State Farm, several officers in the Dallas (Texas) Police Department, several district attorneys in Dallas County, Texas, several federal and state judges in Texas, and more than fifty other individuals. Drake alleges federal constitutional and related state law claims. D.I. 6. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The only two Defendants who have been served summonses, Miles Henry Sheerin and Sara Sheerin, have moved to dismiss or alternatively to transfer the case to the United States District Court for the Northern District of Texas. D.I. 33.

## I.    BACKGROUND

Drake is a prolific and, all too often, abusive filer of suits in federal and state courts. He filed two cases in addition to this case in this Court last year. *See Drake v. General Electric Company et al.*, No. 1:24-cv-00281-CFC (D. Del. filed Mar. 4, 2024); *Drake v. FedEx Ground Package System Inc. et al.*, No. 1:24-cv-00423-CFC (D. Del. Jan. 28, 2025). As best I can tell, he has filed more than 140 cases or appeals in federal courts in thirteen states over the course of the last two decades. *See Drake v. Niello Co.*, 2020 WL 1182575, at *4 (E.D. Cal. Mar. 12,

2020), *report and recommendation adopted*, 2020 WL 1937760 (E.D. Cal. Apr. 22, 2020). Drake claims a wide variety of domiciles using P.O. Box addresses and files suits under different variations of his name, or even pseudonyms. *See Drake v. U.S. Freedom Cap., LLC,* 2021 WL 3566859, at *9 (N.D. Ga. Aug. 12, 2021) (listing examples of his pseudonyms, such as "Eric Erpel"); *Drake v. 7-Eleven Inc.*, 2020 WL 4196189 at *3 n.3 (S.D. Ga. June 26, 2020) (identifying at least seven domiciles claimed by Drake over the course of two years); *Drake v. Apple, Inc.*, 2024 WL 4891948 (W.D. Wis. Nov. 26, 2024) (transferring Drake's case *sua sponte* for improper venue after he would not submit a sworn document explaining the basis for his prior assertion of Wisconsin citizenship, but rather alleged to have "mistakenly called himself a Wisconsin citizen because of a cutting-and-pasting error.")

Federal courts in Texas and Georgia have deemed Drake a "vexatious litigant" and subjected him to filing restrictions and fines because of his "insulting and disparaging" pleadings and "abusive attempts to sue judges, the spouses of lawyers, and anyone who had displeased him in even the most tenuous connection with a seemingly unlimited array of claims." *Drake v. Travelers Indem. Co.*, 2022 WL 4138355 at *1, *3 (5th Cir. Apr. 28, 2022); *Drake v. Travelers Com. Ins. Co.*, 2020 WL 3454585 (S.D. Ga. May 27, 2020), *report and recommendation adopted*, 2020 WL 3453853 (S.D. Ga. June 24, 2020). "As a result of his vexatious filing

history," Drake is prohibited from prosecuting any lawsuit in a court that lies within the Fifth Federal Judicial Circuit until he pays a $2,000 sanction, and, then, only if he receives permission from the court. *See* Order, *Drake v. FedEx Ground Package Sys., Inc.*, No. 3:24-cv-00571-X-BK (N.D. Tex. Apr. 5, 2024), ECF 96. Because of his litigation abuses in the United States District Court for the Eastern District of California, the court there has warned Drake that "the filing of any future lawsuit determined to be frivolous or harassing in nature will likely result in the imposition of monetary sanctions against [him]." *Drake v. Niello Co.*, 2020 WL 1182575, at *4 (E.D. Cal. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1937760 (E.D. Cal. Apr. 22, 2020). Texas state courts have also deemed Drake to be a vexatious litigant, and he is prohibited from filing suits in those courts unless he receives authorization from an administrative judge. *See Drake v. Costume Armour, Inc.*, 736 F. App'x 505 (5th Cir. 2018).

The allegations in Drake's 217-page Amended Complaint in this case all relate to criminal charges and related civil actions brought against him in Texas. *See* D.I. 6 ¶¶ 7, 67, 74, 82, 112, 123, 135, 260, 358, 378–382, 398, 441. He alleges that the attorneys, law enforcement, judges, and insurance company employees involved in those cases, as well as one of his alleged victims and several members of her family, have racially discriminated against him, defamed him, and violated his constitutional rights. He seeks monetary damages from the state actors who

3

"falsely arrested and imprison[ed] him," injunctive relief from filing restrictions placed upon him by Texas courts and from criminal prosecution in the state of Texas, and a related declaratory judgment. D.I. 6 ¶ 11.

The alleged discriminatory acts, defamatory statements, and constitutional violations occurred entirely in Dallas County, which is in the Northern District of Texas. Drake alleges that this District is an appropriate forum to adjudicate his claims because State Farm "does business in the state of Delaware" and Drake "is relocating to the state of Delaware." D.I. 6 ¶¶ 12, 36.

## II. LEGAL STANDARDS

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Since Drake does not consent to a transfer of the action to the Northern District of Texas, a transfer to that court is permitted under § 1404(a) only if the case "might have been brought" there.

Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the Third Circuit identified in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), twelve interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

4

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id* at 879–80 (citations omitted).

### III. DISCUSSION

Venue is proper in the Northern District of Texas because all the events giving rise to this suit occurred in Dallas, Texas. 28 U.S.C. § 1391(b)(2). The *Jumara* factors weigh heavily in favor of transferring the case to the Northern District of Texas, and I will therefore transfer the case.

#### 1. Plaintiff's Forum Preference

This factor typically weighs against strongly against transfer. Indeed, the plaintiff's choice of venue is given "paramount consideration" in the normal case.

5

*VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650, at *2–*6 (D. Del. Oct. 29, 2018). This case, however, is not a normal case.

Drake makes clear in the Amended Complaint that he has filed this action in this District to circumvent and challenge the filing restrictions imposed upon him in the Northern District of Texas by the Fifth Circuit. He alleges in the Amended Complaint that he "has been unable to file any pleadings in the Northern District of Texas, because of alleged filing sanctions" and that "[a]s such, [he] has named [as Defendants] all district and magistrate judges in the Northern District of Texas." D.I. 6 ¶ 1. For this reason, I will not give the deference to Drake's forum choice that a plaintiff's choice normally enjoys. "To do otherwise would in effect make this court a sanctuary jurisdiction in which Drake could evade the sanctions imposed by the Fifth Circuit." Memorandum Opinion at 7, *Drake v. FedEx Ground Package Sys., Inc.*, No. 1:24-cv-00423-CFC (D. Del. Jan. 28, 2024), ECF 15; *see also In re Tripati,* 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("Transfer is indeed appropriate . . . to avoid the prospect of a litigant using one district court as a safe haven from the lawful orders of another."). Accordingly, this factor is neutral.

### 2. Defendant's Forum Preference

This factor favors transfer. The Sheerins reside in the Northern District of Texas and have asked me to transfer the case to that district. The remaining

6

Defendants have not been served, but since nearly all those whom Drake identifies with any degree of specificity are alleged to work in Texas, it may safely be assumed that they too would want to litigate this action in Texas.

### 3. Whether the Claim Arose Elsewhere

This factor favors transfer. None of the events giving rise to Drake's claims occurred in Delaware. All the alleged facts giving rise to the complaint occurred in the Northern District of Texas. "[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 481 (D. Del. 2011) (internal citation omitted).

### 4. The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor favors transfer. Courts determine the convenience of the forum by considering: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties in traveling to Delaware—as opposed to the proposed transferee district—for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Tumbaga v. Equifax Info. Servs., LLC*, 2020 WL 4673907, at *3 (D. Del Aug. 12, 2020). Drake is not a resident of Delaware. He has provided an address in Dallas, Texas and in Duluth, Georgia. D.I. 6-1; D.I. 6 at 217. The many individual Defendants that Drake has named are likely still located in Texas, and it stands to

7

reason that many could not easily bear the cost to travel to this forum. *See* D.I. 6 ¶¶ 13–41. Potential witnesses, too, are more likely to reside in Texas, where the alleged incidents occurred.

### 5. The Convenience of Witnesses to the Extent They May Actually be Unavailable for Trial in One of the Fora

This factor is neutral, as neither side alleges that any witnesses would be unavailable for trial in either forum.

### 6. The Location of Books and Records

This factor is neutral. *Jumara* instructs the Court to give weight to the location of books and records only "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." 55 F.3d at 879. Neither side alleges that the books and records in this action could not be produced in either forum.

### 7. The Enforceability of the Judgment

This factor is neutral, as there are no allegations that a judgment would be unenforceable in either forum.

### 8. Practical Considerations

This factor favors transfer. *Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. Neither Drake nor the Defendants has a connection with Delaware other than Drake's prospective move and the fact that State Farm "does business"

and "has offices" in this jurisdiction. D.I. 6 ¶¶ 3, 12. But State Farm also has offices and does business in Texas. *See, e.g.* https://www.statefarm.com/agent/us/tx/dallas [https://perma.cc/88SF-Q2FP]. On the other hand, Drake and the Defendants all appear to be located in Texas.

### 9. Relative Administrative Difficulty Due to Court Congestion

This factor is neutral. The civil dockets of this Court and the District Court in the Northern District of Texas are similar in size. *See* U.S. District Courts— Combined Civil and Criminal Federal Court Management Statistics (September 30, 2024), ADMIN OFF. OF THE U.S. CTS., https://www.uscourts.gov/data-news/data-tables/2024/09/30/federal-court-management-statistics/n-a-1 [https://perma.cc/D3UJ-PURG] (reporting that 466 civil cases per active judgeship were filed in the Northern District of Texas and 383 civil cases per active judgeship were filed in the District of Delaware between October 1, 2023 and September 30, 2024).

### 10. Local Interest in Deciding Local Controversies at Home

This factor favors transfer. Because the alleged civil rights violations, constitutional violations, and defamation are alleged to have occurred in Texas and because of the sanctions imposed against Drake by the Fifth Circuit, the Northern District of Texas has a strong interest in deciding the dispute. Delaware has no connection to, or interest in addressing, the alleged events giving rise to this action.

9

### 11. Public Policies of the Fora

This factor favors transfer. Plaintiff's complaint alleges that he is the victim of a conspiracy between state actors and private citizens in Texas to deprive him of his constitutional rights and to harm his reputation in Dallas, Texas. D.I. 2 at 2. Texas has a powerful interest in deciding the merits of those claims and ensuring their consistent adjudication.

### 12. Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases

This factor is neutral, as this case is not a diversity action and does not implicate state law. S*ee Puff Corp. v. KandyPens, Inc.*, 2020 WL 6318708, at *6 (D. Del. Oct. 28, 2020).

\* \* \* \*

In sum, of the twelve Jumara factors, six weigh in favor of transfer and six are neutral. Considered in their totality, the factors weigh strongly in favor of transfer to the Northern District of Texas.

## IV. CONCLUSION

For the reasons discussed above, I will grant Defendants' motion insofar as it seeks the transfer of the case to the Northern District of Texas. I will deny the motion without prejudice insofar as it seeks dismissal of the case.

The Court will issue an Order consistent with this Memorandum Opinion.